UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RHONDA BOWER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>CLIENT SERVICES, INC.,<br><br>　　　　　Defendant. | Case No.: 16-cv-546<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Rhonda Bower is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a credit card debt.

5.      Defendant Client Services, Inc. ("CSI") is a Missouri a corporation with its principal place of business located at 3451 Harry S Truman Blvd., St Charles, Mo 63301.

6.      CSI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CSI is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CSI is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about February 2, 2016, 2016, CSI mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Firestone Dealer at CFNA" A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A is a credit card or store credit card account used for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by CSI to attempt to collect alleged debts.

12. Exhibit A is the first written communication CSI sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

13. Exhibit A identifies the creditor as "Firestone Dealer at CFNA."

14. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

2

15. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

16. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id.* at *23.

17. "Firestone Dealer at CFNA" is not the name of any creditor.

18. "Firestone Dealer at CFNA" is facially confusing in that it identifies two different entities as the creditor.

19. The unsophisticated consumer would have no idea who "Firestone Dealer at CFNA" is or how to contact it.

20. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace, LLP*, __ F.3d__, 2016 U.S. App. LEXIS 6361 *14-18 (7th Cir. Ill. Apr. 7, 2016).

21. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, CSI's misrepresentation is a material false statement.

22. The unsophisticated consumer would not be able to determine who actually holds the debt from reading <u>Exhibit A</u>.

23. Further, in situations where a the two entities named as creditor are different, if a consumer sent a check to the incorrect entity, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt. This is especially true here, where neither Firestone, the national

3

tire producer and retailer, nor any particular "Firestone Dealer" has any actual involvement in the alleged debt.

24. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

27. Exhibit A identifies the creditor as "Firestone Dealer at CFNA."

28. "Firestone Dealer at CFNA" is not the name of any creditor.

29. "Firestone Dealer at CFNA" does not disclose the actual identity of the creditor to the consumer.

30. The language in CSI's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor. 15 U.S.C. § 1692g(a)(2).

31. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a) and 1692g(a)(2).

## COUNT II – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. The language in CSI's letter is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to identify the current creditor. 15 U.S.C. § 1692g(a)(2).

34. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

35. The Defendant has therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or household purposes, (d) on or after May 5, 2015, (e) that was not returned by the postal service.

37. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10), 1692g, and 1692g(a)(2).

39. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

5

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 5, 2016

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com